ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| JOSE BARRETO, | Case No.: 19-cv-7156 |
| Plaintiff, | COMPLAINT AND JURY DEMAND |
| -against- | |
| THE CITY OF NEW YORK, POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT, LIEUTENANT ERIC DELMAN, POLICE OFFICER JOHNPAUL ZINSER, POLICE OFFICER EUSTACE BURKE, SERGEANT JOSEPH CARROLL, POLICE OFFICER LUIS CAMACHO, POLICE OFFICER JEFRIN DECASTRO, SERGEANT BORIS DURETS, SERGEANT KEVIN M. TIERNEY, DETECTIVE FRANK LIUZZI, DETECTIVE ANDREW HUNT, and "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, | |
| Defendants. | |

-------------------------------------------------------------------X

Plaintiff, JOSE BARRETO, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION:

1. This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK, POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT, LIEUTENANT ERIC DELMAN, POLICE

OFFICER JOHNPAUL ZINSER, POLICE OFFICER EUSTACE BURKE, SERGEANT JOSEPH CARROLL, POLICE OFFICER LUIS CAMACHO, SERGEANT BORIS DURETS, SERGEANT KEVIN M. TIERNEY, POLICE OFFICER JEFRIN DECASTRO, DETECTIVE FRANK LIUZZI, DETECTIVE ANDREW HUNT, and "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, JOSE BARRETO, alleges that on or about December 22, 2016, defendants committed wrongful and illegal acts against Plaintiff, including using excessive force against the Plaintiff, failing to intervene in order to stop the excessive force, and negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

JURISDICTION:

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

PARTIES:

7. At all times relevant hereto, Plaintiff, JOSE BARRETO, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER CARLOS MIRANDA was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, defendant POLICE OFFICER CARLOS MIRANDA was assigned to the 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, Defendant POLICE OFFICER ARNAUD POLYNICE was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, defendant POLICE OFFICER ARNAUD POLYNICE was assigned to the 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. At all times relevant hereto, Defendant POLICE OFFICER MATTHEW LAMBERT was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, defendant POLICE OFFICER MATTHEW LAMBERT was assigned to the 88th precinct of the

New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. At all times relevant hereto, Defendant LIEUTENANT ERIC DELMAN was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, defendant LIEUTENANT ERIC DELMAN was assigned to the 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

13. At all times relevant hereto, Defendant POLICE OFFICER JOHNPAUL ZINSER was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, defendant POLICE OFFICER JOHNPAUL ZINSER was assigned to the 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

14. At all times relevant hereto, Defendant POLICE OFFICER EUSTACE BURKE was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, defendant POLICE OFFICER EUSTACE BURKE was assigned to the Transit District 30 of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

15. At all times relevant hereto, Defendant SERGEANT JOSEPH CARROLL was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, Defendant SERGEANT JOSEPH

CARROLL was assigned to the Transit District 30 of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

16. At all times relevant hereto, Defendant POLICE OFFICER LUIS CAMACHO was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, Defendant POLICE OFFICER LUIS CAMACHO was assigned to the Transit District 30 of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

17. At all times relevant hereto, Defendant POLICE OFFICER JEFRIN DECASTRO was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, Defendant POLICE OFFICER JEFRIN DECASTRO was assigned to the Transit District 30 of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

18. At all times relevant hereto, Defendant POLICE OFFICER SERGEANT BORIS DURETS was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, Defendant POLICE OFFICER SERGEANT BORIS DURETS was assigned to the 88th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

19. At all times relevant hereto, Defendant SERGEANT KEVIN M. TIERNEY was at all times relevant to this action an officer employed by the New York City Police Department, and

acted under the color of state law.  Upon information and belief, Defendant SERGEANT KEVIN M. TIERNEY was assigned to the 88th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

20.     At all times relevant hereto, Defendant DETECTIVE FRANK LIUZZI was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, Defendant DETECTIVE FRANK LIUZZI was assigned to the 88th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

21.     At all times relevant hereto, Defendant DETECTIVE ANDREW HUNT was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, Defendant DETECTIVE ANDREW HUNT was assigned to the 88th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

22.     At all times relevant hereto, "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action police officers employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, "JOHN DOES 1-10" were assigned to the 88th precinct or Transit District 30 of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both their individual and official capacities.

23. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

24. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT, LIEUTENANT ERIC DELMAN, POLICE OFFICER JOHNPAUL ZINSER, POLICE OFFICER EUSTACE BURKE, SERGEANT JOSEPH CARROLL, POLICE OFFICER LUIS CAMACHO, POLICE OFFICER JEFRIN DECASTRO, SERGEANT BORIS DURETS, SERGEANT KEVIN M. TIERNEY, DETECTIVE FRANK LIUZZI, DETECTIVE ANDREW HUNT and "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE, the unknown police officers whose identity Plaintiff intends to discover.

25. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

26. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false

arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

27. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

28. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

FACTUAL BACKGROUND:

29. At all times relevant to this action, Plaintiff resided at 497 Dean Street, Brooklyn, New York.

30. At all times relevant to this action, Plaintiff was married to Milagros Barreto.

31. At all times relevant to this action, Plaintiff and Milagros Barreto had four children, namely: Marc Barreto, Adam Barreto, Arron Barreto and Eric Barreto.

32. Upon information and belief, on December 22, 2016, at approximately 10:40 p.m., Defendants POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT, stopped a vehicle in which Plaintiff and Milagros Barreto's three sons, Marc Barreto, Adam Barreto and Arron Barreto were occupants.

33. On or about the time of the stop, Milagros Barreto received a FaceTime call from Arron Barreto, who advised her that Defendants POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT pulled over the car for tinted windows in the vicinity of Fulton Avenue and Irving Place, Brooklyn, New York.

34. Upon information and belief, a physical struggle ensued between Defendants POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT and Marc Barreto, Adam Barreto and Arron Barreto.

35. That Milagros Barreto heard the parts of the physical struggle while being on FaceTime with Arron Barreto.

36. The Plaintiff and Milagros Barreto then drove to Fulton Avenue and Irving Place.

37. Upon arriving at the scene, Plaintiff walked to the corner of Irving Place and Fulton Avenue and saw that Marc Barreto was in handcuffs and being walked by two of the Defendants.

38. Plaintiff's other son, Eric Barreto, also arrived on the scene on his bicycle.

39. Six of the Defendants then began to punch Marc Barreto all over his body.

40. Plaintiff walked up to the officer and said "what are you doing?"

41. One of the Defendant's asked Plaintiff "who are you?" and the defendant replied that he was Marc Barreto's father.

42. Several of the Defendants then walked up to the Plaintiff.

43. Thereafter, the Plaintiff heard Eric Barreto yell "don't touch my mother."

44. As Plaintiff turned around, a Defendant punched Plaintiff twice in the throat.

45. The Defendants then arrested Eric Barreto and walked him to a police vehicle.

46. One of the Defendants yelled at the Plaintiff and stated "get the fuck out of here before I beat the shit out of you."  The Plaintiff told the Defendant that he was leaving.

47. Plaintiff and Milagros Barreto then walked back to the corner of Fulton Avenue and Irving Place and were confronted by the Defendant that punched Plaintiff in the throat and another Defendant.

48. The Defendant that punched the Plaintiff took his badge from underneath his shirt and stated "if you want to fight me, we can go around the corner.  Just me and you, and nobody else."  Plaintiff replied "are you serious?"

49. Plaintiff then went to retrieve Eric Barreto's bicycle.  The Defendant that punched the Plaintiff then took the bicycle away from him.

50. Plaintiff then went to the 88th Precinct to make a complaint about the Defendant that punched him in the throat.

51. The Defendant at the desk refused to assist Plaintiff with making a report.

52. Milagros Barreto then called an ambulance so that the Plaintiff could be treated for his injuries.

53. Plaintiff was removed from the Precinct by EMS and relocated to Brooklyn Hospital so that he could be treated for his injuries.

54. Neither Plaintiff nor Milagros Barreto were arrested as a result of the incident.

55. As a direct and proximate result of the action of the Defendant's THE CITY OF NEW YORK, POLICE OFFICER CARLOS MIRANDA, POLICE OFFICER ARNAUD POLYNICE, POLICE OFFICER MATTHEW LAMBERT, LIEUTENANT ERIC DELMAN, POLICE OFFICER JOHNPAUL ZINSER, POLICE OFFICER EUSTACE BURKE, SERGEANT JOSEPH CARROLL, POLICE OFFICER LUIS CAMACHO, SERGEANT BORIS DURETS, SERGEANT KEVIN M. TIERNEY POLICE OFFICER JEFRIN DECASTRO, DETECTIVE FRANK LIUZZI, DETECTIVE ANDREW HUNT and "JOHN DOES 1-10" FICTITIOUS NAME INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, Plaintiff was physically assaulted.

56. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

57. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

58. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

59. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

60. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE

55. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-60 of this complaint, as though fully set forth therein.

56. December 22, 2016 at approximately 11:00 p.m., in the vicinity of Fulton Street and Irving Place, Brooklyn, New York, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in stopping the Plaintiff, such that Plaintiff was injured.

57. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while stopping a public, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

58. By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

59. The acts and conduct of Defendants, as alleged in the foregoing paragraphs constitute the excessive use of force in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

SECOND CLAIM: FAILURE TO INTERVENE

60. Plaintiff repeats and realleges the allegations contained in paragraphs 1-60 of this complaint as though fully set forth therein.

61. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1-63 of this complaint and though fully set forth therein.

65. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

66. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

67. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly

disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

68.     Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

69.     This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity.  These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles

v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009);

70. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

71. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-70 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from the excessive use of physical force intended to cause physical injury.

72. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-71 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

73. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

74. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

PRAYER FOR RELIEF

WHEREFORE, plaintiff JOSE BARRETO requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated:   Brooklyn, New York
         December 20, 2019

/S/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ.
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100